[Civ. No. 3825. Third Appellate District.—April 12, 1932.]

MARIA FOSS, Respondent, v. C. E. DOTY, Appellant.

Rich & Weis for Appellant.

Loyd E. Hewitt for Respondent.

PLUMMER, J.—The plaintiff had judgment terminating a certain lease entered into between the plaintiff and defendant on the eighth day of November, 1926, and also recovered judgment for damages on account of alleged failure of the defendant to keep and perform the covenants contained in said lease. From this judgment the defendant appeals.

The record shows that on the date above mentioned the plaintiff and the defendant entered into an agreement of lease, whereby the plaintiff leased to the defendant the tract of land described in said lease, for the purposes of rice culture, and the defendant covenanted and agreed that he would, at his own cost and expense, cultivate and farm the demised premises in a farmer-like manner; would properly, reasonably and adequately, as soon as weather conditions permitted, and as the soil of the premises would permit, prepare the same, or so much of the premises as were adaptable for rice culture, for planting and seeding, and would, in due and proper time, plant all of the premises adapted to rice culture, in rice, using good, clean and well-matured seed for such purposes.

The instrument of lease contained further covenants and agreements to be kept and performed by the lessee, and also provided that the lessor should sink a sufficient number of wells, equip the same with pipes, pumps, motors, etc., with which to irrigate the premises, having a capacity sufficient to furnish water for irrigating the leased premises, devoted to rice culture.

The lease further provided that if the lessee should fail to keep and perform all of the covenants and agreements on his part to be performed, the lease should become void if the lessee fail to comply with such provisions, after notice in writing given by the lessor, and in the event of a failure to comply, it should be lawful for the lessor to re-enter said premises and take possession thereof.

No point is made upon this appeal that the findings of the court are not supported by the testimony. A cursory review of the testimony shows, however, that the findings of failure on the part of the defendant to keep and observe the covenants of the lease, as to caring for the premises, farming the same in a farmer-like manner, seeding the same to rice in the proper season, properly preparing the ground for the seeding of rice, properly irrigating the same, or harvesting the same, are amply supported.

The record also shows that the plaintiff in this action, in furnishing water with which the defendant was to irrigate the premises described in the lease, was incurring an expenditure of $25 a day in the purchase of power. That on or about the twentieth day of June, 1928, the second

season included within said lease, it became apparent that no crop of rice would be raised on the leased premises, owing to the fact that the same had not been properly prepared for seeding, had not been seeded at the proper time, and had not been cared for thereafter in a farmer-like manner by the defendant, the plaintiff shut off the power by removing the fuses from the motors furnishing power for the operation of the pumping plants theretofore installed by the plaintiff, and thereafter, and on or about the third day of July, 1928, notified the defendant of his failure to keep and perform the covenants contained in the lease and by him agreed to be kept and performed, and requested the defendant to surrender possession of the leased premises. Possession not having been surrendered by the defendant to the plaintiff, of the premises covered by the lease, this action was begun.

The findings of the court are in substance as follows: That the plaintiff leased to the defendant the premises described in the instrument of lease for rice culture, for the years 1927, 1928 and 1929. That the plaintiff caused to be drilled five wells, equipped the same with pipes, pumps, motors and electric current sufficient to furnish an adequate supply of water for the irrigation of said lands and premises when devoted to rice culture. The findings as to the covenants to be performed by the defendant, and his failure to do so, are in substance as follows: That although sufficient water was at all times available for irrigating the rice crop for the year 1927, the defendant did not irrigate the same properly, and did not apply sufficient water to the premises to grow the rice crop. That owing to the failure of the defendant to properly farm and irrigate the demised premises during the year 1927, instead of raising a crop of 6,000 sacks of rice, the average production of said premises, only 2,300 sacks of rice were produced.

The court further found that during the year 1928, owing to the unfarmer-like manner which the defendant was pursuing in relation to the demised premises, that the rice crop that would be produced thereon would not pay the cost of running of motors and pumping water, which amounted to the sum of $25 per day, and that no damage resulted from the turning off of the power, but that the plaintiff was saved an expense of $2,100.

The court also found what the value of the crop would have been in 1928 had the lands been properly plowed and cultivated before seeding; had the seeding been done at the proper time, and had the lands been properly irrigated. Judgment went in favor of the plaintiff for the cancellation of the lease; and damages in the sum of $4,368 for failure of the defendant to comply with the terms of the lease.

The only point made upon this appeal is that the shutting off of the water by removing certain fuses from the motors furnishing power to the pumping plants amounted to a re-entry upon the premises by the plaintiff, and that such re-entry was without notice, and therefore not sufficient upon which to base a judgment of cancellation.

The record, however, discloses that the judgment of the court does not rest upon any such foundation. As herein stated, notice was given to the defendant to surrender the premises, and thereafter, upon the failure of the defendant to surrender the possession of the premises to the plaintiff, this action was begun.

There being no contention upon this appeal that the testimony is not sufficient to support the findings of the court as to the failure of the defendant to keep and perform the covenants agreed to be kept and performed by him, his failure to farm the premises in the proper manner, gave the plaintiff the right to institute this action for the cancellation of the lease. In fact, we find nothing in the record which indicates that the appellant questions the findings of the court, save and except as to the act of the plaintiff in removing the fuses from the motors furnishing power to the pumping plants. If it be admitted that the defendant was damaged in any particular by this act of the plaintiff, it does not appear that the right of the plaintiff to have the lease canceled by reason of the continued failure of the defendant to comply with the terms and conditions thereof, is in anywise affected.

The judgment is affirmed.

Thompson (R. L.), J., and Preston, P. J., concurred.